108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul MAHN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3404.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.*
Decided March 6, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to 28 U.S.C. § 2255, Paul Mahn collaterally challenges his 1992 guilty plea and sentence for arson and interstate travel in aid of racketeering, 18 U.S.C. §§ 844(i), 1952. This court affirmed his conviction and sentence on direct appeal in United States v. Martinez, 16 F.3d 202 (7th Cir.1994). He now levies a fusillade of claims that the district court rejected as procedurally barred, meritless, or, in most cases, both. We affirm.
 
 
 2
 This court has discussed the misdeeds of Mahn and his accomplices on Mahn's direct appeal in Martinez, 16 F.3d at 204-05, as well as in considering the appeals of his separately tried confederates in United States v. Sturman, 49 F.3d 1275, 1277-79 (7th Cir.1995), and United States v. Feinberg, 89 F.3d 333, 334-35 (7th Cir.1996), cert. denied, 1996 WL 757248 (U.S. Feb. 18, 1997) (No. 96-7251). Stated briefly, Mahn was involved in an extortion plot to intimidate adult bookstores into paying protection money. The conspirators used sledgehammers to vandalize bookstores and frighten their recalcitrant owners, then graduated to radio-controlled pipe bombs. Things went awry one evening as Mahn and co-conspirator Donald Mares were driving around Chicago in a rental car planting explosives in or near several bookstores: a bomb detonated in Mares's lap, engulfing the car in flames and mortally wounding him.
 
 
 3
 Mahn, his hair on fire, jumped through a broken window and fled, but was later captured in California. He waived indictment and pleaded guilty. Because Mares was killed during the commission of the arson offense, the district court attributed his death to Mahn under a felony-murder theory derived from 18 U.S.C. § 1111; and, as instructed by the arson guideline for instances where death has resulted, consulted the sentencing guideline for murder to raise Mahn's base offense level to that of second-degree murder. See U.S.S.G. §§ 2K1.4(c), 2A1.1-.2 (We explained and approved of these methods in Martinez, 16 F.3d at 205-07.) After applying various adjustments, the district court sentenced Mahn to 121 months of imprisonment.
 
 
 4
 We first address Mahn's astute claim that prosecution by information rather than indictment is a nonwaivable jurisdictional defect where the charged offense is punishable by death. See Fed.R.Crim.P. 7(a); Smith v. United States, 360 U.S. 1, 9-10 (1959); see also United States v. Mezzanatto, 115 S.Ct. 797, 801 (1995) (citing Smith ). But Mahn is simply mistaken that he was charged with a capital crime, or that death was an available penalty.[1] Mahn appears to confuse the district court's reliance on the murder sentencing guidelines to calculate his arson sentence with an actual charge of murder, bootstrapping his argument that because he was tacitly accused of murder he was in peril of capital punishment. It was not so.
 
 
 5
 That Mahn was never charged with or convicted of murder neatly disposes of Mahn's claims that he was not proven guilty of murder beyond a reasonable doubt and that he was not properly informed of the imagined charge. As mentioned above, we have already considered and approved of the application of the felony-murder rule to Mahn in Martinez. Mahn stubbornly refuses to accept that felony-murder did not require the government to prove that he had the mens rea to commit murder, rather that the death (however accidental) occurred foreseeably in furtherance of the underlying felony. Martinez, 16 F.3d at 208. Among other defects, Mahn's contentions that his confession, waiver of indictment, and guilty plea were involuntary have been forfeited because he did not raise them on direct appeal, and he has failed to assert cause for or prejudice from this deficiency. Nor are his claims supported by the record. His intimation that he should be exempted from forfeiture by his actual innocence of murder is frivolous.
 
 
 6
 Mahn claims that his trial counsel was ineffective, a claim that requires him to show "that counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Mahn's specific allegations of ineffectiveness meet neither prong of this test. For example, several of his claims of prejudice are that he was convicted without an indictment, was convicted of murder without his knowledge, and was denied a sentencing reduction for being a minimal participant. The first two grounds have been dealt with above. Mahn's belief that his participation was minimal because he was "only a driver" is nonsense and was rejected out of hand in his direct appeal. Martinez, 16 F.3d at 208. Finally, Mahn's allegations that counsel abandoned him and even plotted with prosecutors to obtain his conviction are mere rhetoric.
 
 
 7
 Styled as a "double jeopardy" argument, Mahn charges that the government backhandedly sought to punish him for Mares's death by obtaining a relatively easy conviction for arson and then proving felony-murder in the sentencing phase. Although we have expressed concern that the sentencing hearing not become "a tail which wags the dog of the substantive offense," United States v. Corbin, 998 F.2d 1377, 1387 (7th Cir.1993) (citation omitted), this did not happen here. Mares's death was an aggravating factor to a very serious crime, not an independent offense disguised as a sentencing issue. Cf. United States v. Bailey, 97 F.3d 982, 984-85 (7th Cir.1996).
 
 
 8
 Mahn alleges that the government possessed Mares's handwritten suicide note, which Mahn believes is exculpatory. Mahn appears to assert that Mares's death was suicide, thus he should not have been held accountable under felony-murder. Mahn says he heard about the note from a co-defendant while awaiting trial and asked the prosecution to produce it; the government denies that the note exists or that it possessed the note. This novel argument has been forfeited because Mahn could have and should have raised it before the trial court or on direct appeal.
 
 
 9
 Mahn's remaining contentions are either forfeited, resolved by the direct appeal, or frivolous and need not be separately addressed. The judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The arson statute, 18 U.S.C. § 844(i), in its 1992 form permitted the death penalty only "as provided in section 34 of this title." Section 34 states: "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life." Id. § 34. It has never been suggested that Mahn was guilty of any offense prohibited by the referenced chapter, 18 U.S.C. Ch. 2, which generally proscribes interference with vehicles and facilities used in interstate commerce. Mahn may be misled by the fact that § 844(i) was amended in 1994 to strike the limiting reference to § 34; this amendment of course has no effect on what Mahn was charged with in 1992